IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

A. DAVIES,

    Plaintiff,                  No. CIV S-03-0014 LKK JFM P

    vs.

DR. K. LOW, et al.,

    Defendants.          FINDINGS AND RECOMMENDATIONS

_____/

      Plaintiff is a state prisoner proceeding pro se in this civil rights action for relief pursuant to 42 U.S.C. § 1983. On December 1, 2005, plaintiff filed an "ex parte" motion for temporary restraining order. Plaintiff contends he will suffer irreparable harm unless the court orders defendants to allow plaintiff additional prison law library time. Pursuant to a briefing order, defendants have filed an opposition.

      The purpose in issuing a temporary restraining order is to preserve the status quo pending a fuller hearing. The cases contain limited discussion of the standards for issuing a temporary restraining order due to the fact that very few such orders can be appealed prior to the hearing on a preliminary injunction. It is apparent however, that requests for temporary restraining orders which are not ex parte and without notice are governed by the same general standards that govern the issuance of a preliminary injunction. See New Motor Vehicle Bd. v.

1

1   <u>Orrin W. Fox Co.</u>, 434 U.S. 1345, 1347 n.2 (1977) (Rehnquist, J.); <u>Los Angeles Unified Sch.</u>
2   <u>Dist. v. United States Dist. Court</u>, 650 F.2d 1004, 1008 (9th Cir. 1981) (Ferguson, J. dissenting);
3   <u>Century Time Ltd. v. Interchron Ltd.</u>, 729 F. Supp. 366, 368 (S.D.N.Y. 1990).  In many cases the
4   emphasis of the court is directed to irreparable harm and the balance of hardships because the
5   merits of a controversy are often difficult to ascertain and adjudicate on short notice.

6           The legal principles applicable to a request for injunctive relief are well
7   established.  To prevail, the moving party must show either a likelihood of success on the merits
8   and the possibility of irreparable injury, or that serious questions are raised and the balance of
9   hardships tips sharply in the movant's favor.  See <u>Coalition for Economic Equity v. Wilson</u>, 122
10  F.3d 692, 700 (9th Cir. 1997); <u>Oakland Tribune, Inc. v. Chronicle Publ'g Co.</u>, 762 F.2d 1374,
11  1376 (9th Cir. 1985).  The two formulations represent two points on a sliding scale with the focal
12  point being the degree of irreparable injury shown.  <u>Oakland Tribune</u>, 762 F.2d at 1376.  "Under
13  any formulation of the test, plaintiff must demonstrate that there exists a significant threat of
14  irreparable injury."  <u>Id.</u>  In the absence of a significant showing of possible irreparable harm, the
15  court need not reach the issue of likelihood of success on the merits.  <u>Id.</u>

16          In cases brought by prisoners involving conditions of confinement, any
17  preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the
18  harm the court finds requires preliminary relief, and be the least intrusive means necessary to
19  correct the harm."  18 U.S.C. § 3626(a)(2).

20          Plaintiff has failed to demonstrate a significant threat of irreparable harm to his
21  right to access the courts.  As defendants note, his "motion for temporary restraining order is 150
22  pages, including a 38 page memorandum of points and authorities, which cites 52 cases, 6
23  statutes and 15 regulations."  (Opp'n at 2.)  This document alone demonstrates plaintiff has had
24  extensive law library access.  In addition, defendants have provided 35 copies of law library logs
25  that reflect petitioner's attendance between five and three times per week, every week, between
26  September and December 23, 2005.  (Opp'n, Attachment 2, Stenner Decl., Ex. A, library logs.)

1  Thus, plaintiff's claim that he has been deprived of law library access is without merit.  In
2  addition, plaintiff was granted an extension of time in which to file his opposition to the pending
3  motion for summary judgment.
4        Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's December 1,
5  2005 motion for temporary restraining order be denied.
6        These findings and recommendations are submitted to the United States District
7  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
8  days after being served with these findings and recommendations, any party may file written
9  objections with the court and serve a copy on all parties.  Such a document should be captioned
10 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
11 shall be served and filed within ten days after service of the objections.  The parties are advised
12 that failure to file objections within the specified time may waive the right to appeal the District
13 Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
14 DATED:  January 30, 2006.

UNITED STATES MAGISTRATE JUDGE

/001
davi0014.tro