IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

A. DAVIES,

    Plaintiff,                        No. CIV S-03-0014 LKK JFM P

    vs.

DR. K. LOW,

    Defendant.                FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se in this civil rights action for relief pursuant to 42 U.S.C. § 1983. On December 1, 2005, plaintiff filed an "ex parte" motion for temporary restraining order. Plaintiff contends he will suffer irreparable harm unless the court orders defendant to allow plaintiff additional prison law library time. Pursuant to a briefing order, defendant filed an opposition on January 12, 2006. On January 30, 2006, plaintiff filed a reply which this court deems timely filed.[1] The court has also considered plaintiff's objections, filed February 23, 2006, which plaintiff filed in response to the January 30, 2006 findings and recommendations which were subsequently vacated in light of plaintiff's reply.

        Notably, plaintiff has not requested injunctive relief against defendant Row, who is the Chief Medical Officer at Solano Prison in Vacaville. Plaintiff presently resides at Soledad Prison and seeks an order requiring prison officials, specifically J. Woodford, P. Duquesnay,

---

[1] Plaintiff did not receive a copy of defendants' opposition until January 19, 2006. He placed his reply in prison officials' hands for mailing on January 25, 2006.

1  Sgt. Smith, Sgt. Paper, C/O Aguirre and C/O Metcalf, all employed at Soledad State Prison, to
2  stop obstructing plaintiff's access to the courts.  The court is unable to issue an order against
3  individuals who are not parties to a suit pending before it.  See Zenith Radio Corp. v. Hazeltine
4  Research, Inc., 395 U.S. 100, 112 (1969).  Therefore, the court will recommend that plaintiff's
5  motion be denied.
6          However, even assuming, *arguendo*, that plaintiff had named proper defendants,
7  his motion is unavailing.
8          The legal principles applicable to a request for injunctive relief are well
9  established.  To prevail, the moving party must show either "(1) a likelihood of success on the
10 merits and the possibility of irreparable injury, or (2) the existence of serious questions going to
11 the merits and the balance of hardships tipping in [the moving party's] favor."  Oakland Tribune,
12 Inc. v. Chronicle Publishing Co., 762 F.2d 1374, 1376 (9th Cir. 1985) (quoting Apple Computer
13 Inc. v. Formula Int'l, 725 F.2d 521, 523 (9th Cir. 1984)); see also Hartikka v. United States, 754
14 F.2d 1516, 1518 (9th Cir. 1985).  The two formulations represent two points on a sliding scale
15 with the focal point being the degree of irreparable injury shown.  Oakland Tribune, 762 F.2d at
16 1376.  "Under either formulation of the test, plaintiff must demonstrate that there exists a
17 significant threat of irreparable injury."  Id.  In the absence of a significant showing of possible
18 irreparable harm, the court need not reach the issue of likelihood of success on the merits.  Id.
19         Here, plaintiff has not carried his burden of showing irreparable injury.  An
20 inmate alleging a violation of his right of access to the courts must demonstrate that the conduct
21 of prison officials or shortcomings in the institution's legal assistance program actually hindered
22 the inmate's efforts to pursue a legal claim.  See Lewis v. Casey, 518 U.S. 343, 351, 116 S. Ct.
23 2174, 2180 (1996).  To state a claim that defendants interfered with the right of access to the
24 courts, an inmate must allege actual injury, i.e., a specific instance in which he was actually
25 denied access to the courts.  See Vandelft v. Moses, 31 F.3d 794, 796 (9th Cir. 1994); Sands v.
26 Lewis, 886 F.2d 1166, 1171 (9th Cir. 1989).

1  In this regard, plaintiff has not made any showing that his ability to pursue this
2  court action has been hindered.  For example, plaintiff's motion for temporary restraining order is
3  150 pages, including a 38 page memorandum of points and authorities, which cites 52 cases, 6
4  statutes and 15 regulations.  In addition, defendants have provided 35 copies of law library logs
5  that reflect petitioner's attendance between five and three times per week, every week, between
6  September and December 23, 2005.  (Opp'n, Attachment 2, Stenner Decl., Ex. A, library logs.)
7  Plaintiff was granted an extension of time in which to file his opposition to the pending motion
8  for summary judgment, which he timely filed on January 17, 2006.  Moreover, plaintiff filed
9  timely objections to the January 30, 2006 findings and recommendations, citing numerous legal
10  authorities, and consisting of 34 pages.  In light of this record, plaintiff  has not demonstrated that
11  his right of access to the courts is being impaired.
12  Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's December 1,
13  2005 motion for temporary restraining order be denied.
14  These findings and recommendations are submitted to the United States District
15  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
16  days after being served with these findings and recommendations, any party may file written
17  objections with the court and serve a copy on all parties.  Such a document should be captioned
18  "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that
19  failure to file objections within the specified time may waive the right to appeal the District
20  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
21  DATED: July 24, 2006.

UNITED STATES MAGISTRATE JUDGE

/001
davi0014.tro2